UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM M. STEPHENS,

       Petitioner,

v.                                            Case No.  8:10-cv-2425-T-33EAJ

SECRETARY, DEPARTMENT OF CORRECTIONS,

       Respondent.

_____

## ORDER

This cause is before the Court on Petitioner Williams Stephens' timely-filed 28 U.S.C. § 2254 petition for writ of habeas corpus. Stephens challenges his plea-based convictions and sentences for burglary and grand theft, which arise out of the Sixth Judicial Circuit, Pasco County, Florida. Respondent filed a response to the petition. (Doc. 13). Although invited to do so, Petitioner Stephens did not file a reply to the response.

A review of the record demonstrates that, for the following reasons, the petition must be **denied.**

## BACKGROUND

William Stephens was charged in five cases as follows:

- CRC07-5653CFAES -- burglary and grand theft
- CRC07-5655CFAES –- burglary and grand theft
- CRC07-5657CFAES –- grand theft

- CRC07-5610CFAES –- dealing in stolen property

- CRC07-5773CFAES –- dealing in stolen property

On August 13, 2008, Stephens plead nolo contendere to each offense, with the exception of the dealing in stolen property charges. On September 24, 2008, the Court dismissed the dealing in stolen property charges. Adjudicated guilty of the offenses to which he plead nolo contendere, Stephens was sentenced to an aggregate prison term of seven years.

Stephens appealed. Counsel filed an *Anders* brief. Subsequently, Stephens voluntarily dismissed his appeal. *Stephens v. State*, 11 So. 3d 953 (Fla. 2d DCA 2009)[table]. (Ex. 4, 5, 6, 7).[1] Stephens filed a timely pro se rule 3.850 motion for postconviction relief. (Ex. 8).

Following summary denial of the rule 3.850 motion, Stephens appealed, and on June 16, 2010, the state district court of appeal per curiam affirmed the denial of postconviction relief in case no. 2D10-1077. *Stephens v. State*, 38 So. 3d 146 (Fla. 2d DCA 2010)[table]. The mandate issued July 20, 2010.

## GOVERNING PRINCIPLES

**A. Federal question**

Title 28 U.S.C. § 2254 explicitly requires a federal court to entertain an application for writ of habeas corpus only on the ground that the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." § 2254(a). Federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension.

---

[1] All numbered exhibits refer to Respondent's exhibits.

*Wainwright v. Goode*, 464 U.S. 78 (1983)(citing *Engle v. Isaac*, 457 U.S. 1141(1982)); *Smith v. Phillips*, 455 U.S. 209 (1982). The writ of habeas corpus, 28 U.S.C. § 2254, was not enacted to enforce state-created rights. *Cabberiza v. Moore*, 217 F.3d 1329, 1333 (11th Cir. 2000). Even when a petition which actually involves state law issues is "couched in terms of equal protection and due process," this limitation on federal habeas corpus review is of equal force. *Willeford v. Estelle,* 538 F.2d 1194, 1196-98 (5th Cir. 1976).

## B. Exhaustion and procedural default

Before bringing a § 2254 habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his state conviction. See 28 U.S.C. § 2254(b)(c). To exhaust state remedies, the petitioner must "fairly present[ ]" every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review. *Castille v. Peoples*, 489 U.S. 346, 351 (1989) (emphasis omitted). Thus, to properly exhaust a claim, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Pursuant to the procedural default doctrine, a state prisoner seeking federal habeas corpus relief who fails to raise his federal constitutional claim in state court, or who attempts to raise it in a manner not permitted by state procedural rules, is barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default, *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977), or the kind of fundamental miscarriage of justice occasioned by a constitutional violation that resulted in the conviction of a defendant who was "actually innocent," as contemplated in *Murray v. Carrier*, 477 U.S. 478, 496 (1986). The "cause" excusing the procedural default must result from some

objective factor external to the defense that prevented the prisoner from raising the claim and which cannot be fairly attributable to his own conduct. *Id.*, 477 U.S. at 488.

The fundamental miscarriage of justice exception concerns a petitioner's "actual" innocence rather than his "legal" innocence. *Johnson v. Alabama*, 256 F.3d 1156, 1171 (2001) (citing *Calderon v. Thompson*, 523 U.S. 538, 559 (1998)); *Murray v. Carrier*, 477 U.S. at 495-96 (explaining that a "fundamental miscarriage of justice" occurs "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent"). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In addition, "'[t]o be credible,' a claim of actual innocence must be based on [new] reliable evidence not presented at trial." *Schlup*, 513 U.S. at 324.

**C. AEDPA deferential standards of review**

Under 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), this court's review of the state court's factual findings must be highly deferential. *Ferguson v. Culliver*, 527 F.3d 1144, 1146 (11th Cir. 2008). The AEDPA modified a federal habeas court's role in reviewing state prisoner applications to prevent federal habeas retrials and to ensure that state-court convictions are given effect to the extent possible under applicable law. *Bell v. Cone*, 535 U.S. 685 (2002).

Under §104 of the AEDPA, § 2254(d) now forbids federal courts from granting habeas relief for claims that previously were "adjudicated on the merits" in state court, unless the petitioner can establish that the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established" Supreme Court

law, or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)(2). Where, as here, the state court's application of governing federal law is challenged, it must be shown to be not only erroneous, but also objectively unreasonable. *Yarborough v. Gentry,* 540 U.S. 1, 4 (2003); *Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002) (per curiam); *Williams v. Taylor*, 529 U.S. 362, 409 (2000).

In addition, § 2254(e)(1) "provides for a highly deferential standard of review for factual determinations made by a state court." *Robinson v. Moore*, 300 F.3d 1320, 1342 (11th Cir. 2002). The federal court will presume the correctness of state court findings of fact unless the petitioner is able to rebut that presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

## DISCUSSION

### Ground One

Stephens contends his trial counsel was ineffective for failing to argue to the Court at sentencing that the presentence investigation report (PSI) was based on erroneous information. According to Stephens, the recommendation of a seven-year sentence was based, in part, on the dealing in stolen property charges that had been dismissed.

Ground one is exhausted to the extent Stephens raised it in ground one of his rule 3.850 motion for postconviction relief as a substantive claim of ineffective assistance of counsel, the summary denial of which he appealed.

<u>INEFFECTIVE ASSISTANCE OF COUNSEL</u>

The cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between. *Waters v. Thomas*, 46 F.3d

1506, 1511 (11th Cir. 1995) (en banc) (citing *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994)). The petitioner must meet the two-part standard for counsel's performance established by *Strickland v. Washington*, 466 U.S. 668 (1984). Recently, in *Harrington v. Richter*, 131 S.Ct. 770 (2011), the Supreme Court stated:

> Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. ----, ----, 130 S.Ct. 1473, 1485, 176 L.Ed.2d 284 (2010). An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the *Strickland* standard must be applied with scrupulous care, lest "intrusive post-trial inquiry" threaten the integrity of the very adversary process the right to counsel is meant to serve. *Strickland*, 466 U.S., at 689-690, 104 S.Ct. 2052. Even under de novo review, the standard for judging counsel's representation is a most deferential one. Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge. It is "all too tempting" to "second-guess counsel's assistance after conviction or adverse sentence." *Id.,* at 689, 104 S.Ct. 2052; *see also Bell v. Cone*, 535 U.S. 685, 702, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002); *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). The question is whether an attorney's representation amounted to incompetence under "prevailing professional norms," not whether it deviated from best practices or most common custom. *Strickland*, 466 U.S., at 690, 104 S.Ct. 2052. . . .

131 S.Ct. at 788.

In *Harvey v. Warden, Union Correctional Institution*, --- F.3d ----, 2011 WL 37824 (11th Cir. 2011), the Eleventh Circuit reiterated that the petitioner seeking release from custody bears the burden of proof regarding both deficient performance and prejudice.

On AEDPA review, the question "is not whether a federal court believes the state court's determination" under the *Strickland* standard "was incorrect, but whether that determination was unreasonable -- a substantially higher threshold." *Knowles v. Mirzayance*, 556 U.S. ---, 129 S.Ct. 1411, 1420 (2009). Because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that

a defendant has not satisfied that standard. *Id.* (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations.").

Under the "doubly deferential" judicial review that applies to a *Strickland* claim evaluated under the § 2254(d)(1) standard, *Knowles*, 129 S. Ct. at 1420, Stephens' claim of ineffective assistance of counsel fails.

Stephens does not dispute his counsel capably sought dismissal of his dealing in stolen property counts. Nor does he dispute that the state trial court had discretion as to following the recommendation in the PSI. Contending that the state trial court was amenable to the sentencing recommendation in the PSI, Stephens asserts that the sentencing recommendation was based on guidelines scoresheet calculations that included the dealing in stolen property charges. Stephens suggests his counsel was obliged to object to the PSI for that reason.

The state trial court summarily denied this claim, stating:

> Defendant claims that counsel was ineffective for failing to object to a Presentence Investigation Report (PSI) that contained erroneous information. Defendant claims that the PSI report recommended a seven year sentence based, in part, on defendant's dismissed dealing in stolen property cases. Defendant alleges that if the PSI investigator had "correct information", [sic] the recommended sentence would have been five instead of seven years and the court would have imposed a five year sentence. This claim by defendant is purely speculative. The court ordered the PSI prior to dismissing the dealing in stolen property cases. Therefore, the PSI recommendation may have considered the dealing in stolen property charges. However, the court had available at sentencing a corrected scoresheet which omitted these charges and on which defendant scored up to 25.5 years in prison. *See Exhibit A: Score sheet*. Further, the defendant's argument assumes that the court sentenced defendant to seven years based solely on the PSI. There is no evidence in the record that the court imposed

7

> the sentence based solely on the PSI. In fact, the judge, using the new scoresheet and after hearing from witnesses and from defendant, specifically told defendant that he would impose a sentence "commensurate with the crimes that you're charged with and the prior criminal history you have." The court advised defendant, "Mr. Stephens, I can't rehabilitate you. Others have tried. Your criminal history goes back 20 years. And at some point, you [sic] got to stop rehabilitating people" ... *See Exhibit B: Sentencing transcript at pp. 42-43.* Therefore, the court finds that in addition to being purely speculative, defendant's claim is refuted by the record. This claim is therefore denied.
>
> . . . .

(Ex. 9 at 1-2).

Stephens does not overcome the presumption of correctness of the state court's findings by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Nor do his allegations overcome the strong presumption that counsel's decisions regarding the presentence investigation and Stephens' sentencing exposure were made in the exercise of counsel's professional judgment. *Strickland*, 466 U.S. at 690.  Stephens does not set forth a basis upon which to conclude that not one reasonably competent attorney could forego the proposed objection to the PSI. As a threshold matter, Stephens does not show that the PSI was based on any inaccuracy. The "dealing" counts were dismissed on September 24, 2008, after the PSI was completed and submitted to the parties and to the state trial court.

Furthermore, this claim can be denied on *Strickland*'s prejudice prong. Stephens is merely speculating when he envisions a more favorable sentencing outcome. Speculation is insufficient to carry his burden of establishing actual prejudice from the claimed omission of counsel. *Aldrich v. Wainwright*, 777 F.2d 630, 636 (11th Cir. 1985) (speculation insufficient to carry the burden of a habeas corpus petitioner as to what evidence could have been revealed by further investigation).

Stephens does not allege facts which demonstrate that the probation office would

have been compelled to revise its sentencing recommendation downward had Stephens' counsel objected as Stephens now proposes. The sentencing recommendation Stephens challenges fell within the sentencing guidelines range applicable in Stephens' cases. Moreover, the scoresheet employed at sentencing did not contain any factoring related to the dealing in stolen property counts. Stephens does not suggest otherwise. Nor does he deny that the correction to his scoresheet was made prior to the imposition of sentence.

The sentence recommended and imposed in Stephens' cases did not exceed the permissible range under Florida's sentencing guidelines. Given the required deference to the state court's factual findings relative to Stephens' prior criminal record and prospect for rehabilitation (Resp. Ex. 1, V 1 R 102-105), it is objectively reasonable to conclude that Stephens fails to show there was any reasonable probability of a different outcome had his counsel objected as proposed. The state court decision resulted in a reasonable application of *Strickland* and a reasonable determination of the facts in light of the evidence.

Ground one does not warrant habeas corpus relief.

### Ground Two

Stephens claims his trial counsel did not properly convey to him a plea offer by the state. Stephens does not dispute that his attorney timely relayed the state's offer. The thrust of this ground is that Stephens' counsel purportedly convinced him to reject the state's offer by making an implicit promise of "special treatment" by the state court. (Doc. 1 at 8) This ground is exhausted to the extent Stephens raised it as ground two in his rule 3.850 motion as a substantive claim of ineffective assistance of counsel. The state trial court summarily denied this claim, stating:

> Defendant alleges that counsel was ineffective for failing to properly

>convey the state's plea offer of five years. Defendant claims he would have accepted this offer if his attorney had not been ineffective. Defendant claims counsel **implied** that he would receive a lower sentence if he entered an open plea, as he scored only 20.8 months at the bottom of the guidelines and counsel had a "good relationship" with the court. He also claims counsel told him he "had nothing to fear." However, defendant admits in his motion that counsel advised him there were **no guarantees** as to the sentence if he entered the open plea. *See pp. 4-5 of Motion for Postconviction Relief.* In addition, the defendant was aware that the judge did not promise a specific sentence.  At the change of plea hearing the judge asked defendant if he understood that "...by entering this open plea, I don't know what sentence you are going to get...so I don't know what sentence I'm going to give you in this case...". Defendant answered, "yes, Sir.". *See Exhibit C: Change of Plea transcript at pp. 10-11.* Therefore, defendant's admission in his motion plus the record make it clear that counsel made no promises to defendant about the sentence in this case. This claim is denied. . . . . .

(Ex. 9 at 2-3)(emphasis in original).

The state court's factual findings are entitled to deference. Stephens fails to overcome the strong presumption that counsel satisfied his obligation to render competent advice at the time Stephens considered entering an open plea. *Strickland*, 466 U.S. at 689. As the Eleventh Circuit has explained, "an ambiguous or silent record is not sufficient to disprove the strong and continuing presumption of effective representation. Where the record is incomplete or unclear about counsel's actions, it will be presumed that he did what he should have done, and that he exercised reasonable professional judgment." *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000). This Court will not presume that counsel made any promise, implied or otherwise, of special treatment.

Stephens entered an open plea to the charges in his cases, with no agreement as to the sentence. Although he asserts his counsel implied he would receive special treatment, even Stephens' own allegations reflect that his counsel cautioned him there were no guarantees as to his sentencing outcome. (Ex. 8 at 4-5). In addition, at the plea

hearing, Stephens confirmed he understood it was unknown what sentence would be imposed and that Stephens would be "stuck" with the outcome. (Ex. 1, Supp R 122).

> [T]he representations of the defendant, his lawyer, and the prosecutor at [the plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

*Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977)(citations omitted). Given Stephens' representations to the state court, as well as his own assertions which concede he entered a open plea with no assurances, it is objectively reasonable to conclude that Stephens fails to set forth a basis upon which to conclude his counsel was ineffective regarding the state's plea offer or Stephens' sentencing result.

The claim can be denied under *Strickland*'s prejudice prong. When an ineffective assistance of counsel claim concerns the rejection of an offered plea agreement, the petitioner must "establish a reasonable probability that, absent counsel's alleged ineffective assistance, he would have accepted the plea agreement." *Diaz v. United States*, 930 F.2d 832, 835 (11th Cir. 1991) (addressing petitioner's claim that counsel was ineffective for advising him a plea offer was unacceptable); *see also Coulter v. Herring*, 60 F.3d 1499, 1504 (11th Cir. 1995) (addressing petitioner's claim that counsel failed to advise him of the possible sentence he might face if he did not accept a plea offer and proceeded to trial, and holding that a petitioner must show that there is a reasonable probability that, but for counsel's errors, he would ... have pleaded guilty and would [not] have insisted on going to trial) (alteration in original) (quoting *Hill v. Lockhart,* 474 U.S. 52, 58 (1985)).

Stephens does not allege the existence of objective facts which, even if adduced,

11

would show he would have accepted an offer calling for a five-year prison sentence. Stephens' after-the-fact assertions concerning his desire to accept such an offer, without more, are insufficient to establish that, but for counsel's alleged misadvice, he would have accepted the alleged plea offer. *See Diaz*, 930 F.2d at 835; *see also Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir. 1987) (holding that without support in the record, bare allegations that the petitioner was prejudiced by counsel's performance are not sufficient).

The remarks of the prosecutor at sentencing reflect that Stephens did not want to plead in return for five years in prison. (Resp. Ex. 1, V 1 R 67). Stephens does not point to anything that would support the conclusion that he would have agreed to a five-year sentence at the time.

Stephens does not account for the import of his open plea. By entering the plea, he was able to put on witness testimony, including his own, in an endeavor to show he could be a productive citizen if allowed to have substantive drug abuse treatment rather than going to prison. (Ex. 1, V 1 R 93). That this strategy did not ultimately yield a sentence of less than five years incarceration does not undercut the objectively reasonable conclusion that Stephens fails to show there was a reasonable probability he would have accepted an offer of five years prison at the time. The state court's decision on his claim resulted in a reasonable application of *Strickland* under either prong and was a reasonable determination of the facts in light of the evidence.

Ground two does not warrant habeas corpus relief.

### Grounds Three and Four

In ground three, Stephens contends that "the trial court erred in summarily denying ground two of Petitioner's motion for post-conviction relief. . . without an evidentiary

hearing, where the issue raised by Petitioner could not be refuted without an evidentiary hearing." In ground four, Stephens contends that the "trial court erred in summarily denying ground two of Petitioner's motion for post-conviction relief, pursuant to Fla. R. Crim.P. Rule 3.850 without an evidentiary hearing; where the issue raised by Petitioner could not be refuted without an evidentiary hearing."

Grounds three and four do not provide an independent basis for relief. An alleged defect in a state postconviction/collateral proceeding does not state a basis for federal habeas relief. *Quince v. Crosby*, 360 F.3d 1259 (11th Cir. 2004); *see also, Spradley v. Dugger*, 825 F.2d 1566, 1568 (11th Cir.1987) (per curiam) (concluding § 2254 claim that petitioner's due process rights were violated when state postconviction court held no evidentiary hearing and failed to attach appropriate portions of record to its opinion "goes to issues unrelated to the cause of petitioner's detention [and] does not state a basis for habeas relief"). Therefore, to the extent Stephens challenges only the process afforded him in his state collateral review proceeding and does not present a constitutional challenge to his confinement, grounds three and four do not provide a basis for federal habeas relief.

Furthermore, grounds three and four are unexhausted and procedurally barred. Stephens did not fairly present the state postconviction court a constitutional due process claim regarding the matter of evidentiary development, before appealing the denial of rule 3.850 relief. As a result, he did not provide the state courts with a fair opportunity to address the constitutional claim he now presents to this Court.

Stephens raised his due process contentions in his summary appeal. It is a firmly established and regularly followed procedural rule in Florida that an appellate court will not consider a claim raised for the first time on appeal. *See Doyle v. State*, 526 So. 2d 909, 911

(Fla. 1988) (holding claim procedurally barred because it was not presented to the trial court in defendant's rule 3.850 motion and could not be raised for the first time on appeal of the order denying relief); *Bellamy v. State*, 834 So. 2d 897 (Fla. 5th DCA 2002)(same as to issue raised for the first time on appeal of an order denying rule 3.850 relief).

It cannot be presumed that the state appellate court ignored the state's rules in per curiam affirming the summary denial. When a Florida court issues a summary denial on a claim that is procedurally barred and nothing in the disposition discusses the merits of the federal claim, this Court "cannot assume that had the [state court] explained its reasoning, it would have reached the merits of [the] claim." *Zeigler v. Crosby*, 345 F.3d 1300, 1310 (11th Cir. 2003)(citing *Kight v. Singletary*, 50 F.3d 1539, 1545 (11th Cir. 1995), (citing *Tower v. Phillips*, 7 F.3d 206, 209 (11th Cir. 1993)).

Stephens' claims are now barred by the two-year limit of rule 3.850, *see Whiddon v. Dugger*, 894 F.2d 1266 (11th Cir.)(recognizing and applying two-year bar of rule 3.850), *cert. denied*, 498 U.S. 834 (1990), and the state's successive petition doctrine. *See e.g., Foster v. State*, 614 So. 2d 455, 458 (Fla. 1992); *Zeigler v. State*, 632 So. 2d 48, 51 (Fla. 1993). Any cause allegation is likewise barred. Not showing cause, Stephens cannot make the required showing under *Wainwright v. Sykes*; *see Weeks v. Jones*, 26 F.3d 1030, 1046 (11th Cir.1994)("We do not examine the prejudice, if any, that resulted from the failure to raise these issues because the *Sykes* standard for relief from its rule is in the conjunctive. Having failed to show 'cause,' appellant necessarily fails the conjunctive.") (internal quotation and citation omitted).

Stephens does not allege and demonstrate actual prejudice to excuse his defaults; nor does he allege and meet the fundamental miscarriage of justice exception. Grounds

14

three and four fail to state a cognizable basis for relief and are unexhausted and procedurally barred.

Grounds three and four do not warrant habeas corpus relief.

Accordingly, the Court orders:

That Stephens' petition is denied. The Clerk is directed to enter judgment against Stephens and to close this case.

## CERTIFICATE OF APPEALABILITY AND

## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts because Petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).

Because Petitioner is not entitled to a certificate of appealability, Petitioner is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on August 31, 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Counsel of Record
William M. Stephens